UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MASSACHUSETTS BAY
INSURANCE COMPANY,

      Plaintiff,

-v-

EGIS BLN USA, INC;
THE ESTATE OF DANIEL COSMA,
deceased, by Anca Cosma
as administratrix, and
COSMA TRANS, INC.,

      Defendants.

Case No.
Hon.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Massachusetts Bay Insurance Company ("Massachusetts Bay") through its attorneys, Collins Einhorn Farrell PC, states in support of its Complaint for Declaratory Judgment as follows:

## NATURE OF THE ACTION

1. This is an action pursuant to 28 U.S.C. §2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure to determine and resolve questions of actual controversy concerning the availability and scope of insurance coverage, if any, under Commercial General Liability Policy No. ZDW-A503131-06 and Commercial Follow Form Excess and Umbrella Policy No. U7W-A503616-06 issued by Massachusetts Bay to Beam, Longest & Neff LLC, (now known as Egis BLN USA, Inc.) ("BLN") for the Underlying Lawsuit (as defined below).

2. This action stems from BLN's demand that Massachusetts Bay defend and indemnity it under the Massachusetts Bay policies in an underlying lawsuit captioned *The Estate of Daniel Cosma, et al. v. United Consulting Engineers, Inc., et al.*, Cause No. 48C06-2009-CT-000153, pending in the Madison Superior Court, State of Indiana (the "Underlying Lawsuit"). A copy of the Fourth Amended Complaint in the Underlying Lawsuit is attached as **Exhibit A**.

3. Massachusetts Bay denies that it has any obligation to defend or indemnify BLN with respect to the Underlying Lawsuit under the Massachusetts Bay Policies, and therefore, requests that this Court declare the rights and duties of the parties with respect to the Underlying Lawsuit as set forth below.

## THE PARTIES

4. Massachusetts Bay is an insurance company organized and existing under the laws of New Hampshire with its statutory home office and principal place of business in Worcester, Massachusetts.

5. Egis BLN USA, Inc. (formerly Beam, Longest & Neff, Inc. formerly Beam, Longest & Neff LLC) is an Indiana corporation with its principal place of business in the city of Indianapolis, Marion County, Indiana.

6. The Estate of Daniel Cosma, deceased, was opened in the Probate Court of Cuyahoga County, Ohio, and Anca Cosma was appointed to administer the Estate. Anca Cosma is a citizen of Ohio.

7. Cosma Trans, Inc. is an Ohio corporation, with its principal place of business in Ohio. It filed for dissolution under Ohio Law effective March 4, 2022.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure.

9. A case of actual and immediate controversy exists between and among the parties regarding the scope and availability of insurance coverage, if any, under the Massachusetts Bay Policies and applicable law, including Massachusetts Bay's defense and indemnity obligations, if any, with respect to the Underlying Lawsuit.

10. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because BLN conducts business in this District and maintains its principal place of business in this District.

## THE MASSACHUESTTS BAY POLICIES

12. Massachusetts Bay issued CGL Policy No. ZDW-A503131-06 to Beam, Longest & Neff LLC for the January 6, 2020 to January 6, 2021 policy period ("CGL Policy") (attached as **Exhibit B**). The CGL Policy is incorporated as by reference as a written instrument exhibit pursuant to Fed.R.Civ.P. 10(c).

13. Massachusetts Bay issued Umbrella Policy No. U7W-A503616-06 to Beam, Longest & Neff LLC for the January 6, 2020 to January 6, 2021 policy period ("Umbrella

Policy") (attached as **Exhibit C**). The Umbrella Policy is incorporated as by reference as a written instrument exhibit pursuant to Fed.R.Civ.P. 10(c).

## THE UNDERLYING LAWSUIT

14. BLN was retained by the Indiana Department of Transportation ("INDOT") to provide consulting engineering services in connection with the I-65 Southeast Indiana Corridor Improvement Project.

15. The Underlying Lawsuit arises from a fatal collision in a construction work zone on I-65.

16. Daniel Cosma had parked his semi-tractor in the right lane of I-65 was attempting repairs underneath the tractor when it struck from behind by another tractor-trailer. Cosma died from his injuries.

17. The Underlying Lawsuit alleges that BLN performed professional engineering and consulting services for INDOT on the I-65 Southeast Corridor Improvement Project, and that Cosma's injuries and death resulted from BLN's rendering or failure to render those professional services.

18. The Underlying Lawsuit alleges that the lack of emergency pull-off areas in the work zone and related MOT design decisions contributed to the accident and that BLN's failure to require or recommend such emergency pull-offs, along with related professional judgments tied to the Technical Provisions and Maintenance of Traffic (MOT) review, breached BLN's professional duties and caused the decedent's death.

**COUNT I – DECLATION OF NO COVERAGE**
**(The insuring agreement)**

19. Massachusetts Bay relies on paragraphs 1-18 as though fully restated here.

20. The insuring agreement in the CGL Policy and Umbrella Policy is limited to liability for "bodily injury or property damage" caused by an "occurrence" to which this coverage applies.

21. An "occurrence" is defined in the policies as "an accident, including continuous or repeated exposure to substantially the same harmful conditions" which results in bodily injury or property damage during the policy period.

22. Claims arising out of negligent professional services are not an occurrence.

23. Massachusetts Bay asks this Court to declare that the insuring agreements in the CGL Policy and Umbrella Policy do not apply to any liability imposed on in the Underlying Lawsuit.

### COUNT II – DECLATION OF NO COVERAGE
(**Professional Services exclusion**)

24. Massachusetts Bay relies on paragraphs 1-23 as though fully restated here.

25. Even if coverage were initially available under the insuring agreement for accidental bodily injury, the Massachusetts Bay CGL and Umbrella Policies exclude coverage for bodily injury arising out of the rendering or failure to render any professional services.

26. Cosmo's death is alleged to have resulted from BLN's rendering or failure to render professional services.

27. Massachusetts Bay asks this Court to declare the CGL and Umbrella Policies exclude coverage for the Underlying Lawsuit.

28. Massachusetts Bay also relies upon all additional policy terms, definitions, exclusions, conditions and endorsements not specifically identified here, that limit or preclude coverage for BLN or its successors in interest under the CGL and Umbrella Policies for some or all of the Underlying Lawsuit, to the extent such additional policy provisions are supported by further investigation of the Underlying Lawsuit or through discovery in this declaratory judgment action.

## RELIEF REQUESTED

Massachusetts Bay asks this Court to enter a Declaratory Judgment that provides:

a. A declaration that no insurance coverage for BLN is available under the CGL Policy and at law with respect to the Underlying Lawsuit;

b. A declaration that no insurance coverage for BLN is available under the Umbrella Policy and at law with respect to the Underlying Lawsuit;

c. A declaration that Massachusetts Bay may withdraw from providing a defense for BLN in the Underlying Lawsuit;

d. A declaration or award to Massachusetts Bay of such other relief as the Court deems just and equitable.

        COLLINS EINHORN FARRELL PC

BY:   *s/ Nicole E. Wilinski*
        Nicole E. Wilinski (P61904)
        Attorney for Massachusetts Bay
        4000 Town Center, 9th Floor
        Southfield, MI  48075
        (248) 355-4141
        Nicole.Wilinski@ceflawyers.com

Dated:  January 6, 2026